**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| C.M.D., by his next friend, Jennifer E. De Young; T.A.B., by her next friend, Patricia A. Isaak; A.D.Y., by next friend, Robert L. Young; R.P.Y., by next friend, Robert L. Young; H.E.W., by next friend, Jami A. Lemons; B.A.W., by next friend, Jami A. Lemons; R. R. C., by her next friend, Robyn S. Courtway,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>FACEBOOK, INC.,<br><br>　　　　Defendant - Appellee. | No. 14-15603<br><br>D.C. No. 3:12-cv-01216-RS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted September 17, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

---

　　　* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs C.M.D. et al. appeal from the district court's Rule 12(b)(6) dismissal of their claims against Facebook, Inc. ("Facebook"). We have jurisdiction under 28 U.S.C. § 1291 and we review the district court's holding *de novo*. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). We now affirm.

Plaintiffs allege that their consent to Facebook's terms of service, which included a provision that gave Facebook the right to use their names and likenesses in advertisements, was either void ab initio under California Family Code § 6701, or disaffirmed, and thus voided, under Family Code § 6710. Plaintiffs claim that their consent was void because it constituted a "delegation of power" under § 6701(a) or because it related to "personal property not in [their] immediate possession or control" under § 6701(c). Both claims fail.

A "delegation of power" under § 6701(a) involves a minor's appointment of an agent who acts on that minor's behalf and for that minor's benefit. *Hakes Inv. Co. v. Lyons*, 166 Cal. 557, 560, (1913); *Chaffin v. Wallace Fin. Co.*, 136 Cal. App. 2d Supp. 928, 929 (1955). Facebook, however, did not use Plaintiffs' names and likenesses on their behalf, or for their benefit.

Plaintiffs, in consenting to Facebook's terms of service, did not enter into a contract involving "personal property not in [Plaintiffs'] immediate possession or

2

control." Cal. Fam. Code § 6701(c). Section 6701(c) of the Family Code is meant to prevent minors from contracting away future rights. *See Sisco v. Cosgrove*, 51 Cal. App. 4th 1302, 1307 (1996). The permission Plaintiffs gave Facebook did not involve such rights.

Finally, Plaintiffs did not disaffirm their contract under § 6710. While they may have intended to disaffirm the contract's advertising provision by filing their lawsuit, it is a longstanding and general rule of California law that "a party cannot apply to his own use that part of the transaction which may bring to him a benefit, and repudiate the other, which may not be to his interest to fulfill." *Babu v. Petersen*, 4 Cal. 2d 276, 286 (1935). By continuing to use facebook.com after bringing their action, Plaintiffs manifested an intention not to disaffirm the contract.

We therefore affirm the district court's dismissal of Plaintiffs' claims.

**AFFIRMED.**