**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC, | No. 13-16819 |
| | D.C. No. 3:11-cv-01726-RS |
| Plaintiffs - Appellees, | |
| C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y., | MEMORANDUM* |
| Intervenor-Plaintiffs - Appellees, | |
| v. | |
| JO BATMAN, | |
| Objector - Appellant, | |
| V. | |
| FACEBOOK, INC., | |
| Defendant - Appellee. | |

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC, | No. 13-16918 |
| | D.C. No. 3:11-cv-01726-RS |
| Plaintiffs - Appellees, | |
| C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y., | |
| Intervenor-Plaintiffs - Appellees, | |
| v. | |
| JOHN SCHACHTER, on behalf of himself and his minor son S.M.S.; KIM PARSONS, on behalf of herself and her minor daughter C.B.P; ANN LEONARD, on behalf of herself and her minor daughter D.Z.; R.P., through her mother Margaret Becker; J.C., through his father Michael Carome, | |
| Objectors - Appellants, | |
| V. | |
| FACEBOOK, INC., | |
| Defendant - Appellee. | |

| | |
|---|---|
| ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and | No. 13-16919 |

through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC,

              Plaintiffs - Appellees,

C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,

              Intervenor-Plaintiffs - Appellees,

 v.

WENDY LALLY; ALEC GREENHOUSE; JONATHAN BOBAK; ZACHARY COCHRAN,

              Objectors - Appellants,

 V.

FACEBOOK, INC.,

              Defendant - Appellee.

D.C. No. 3:11-cv-01726-RS

---

ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC,

              Plaintiffs - Appellees,

No. 13-16929

D.C. No. 3:11-cv-01726-RS

C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,

   Intervenor-Plaintiffs - Appellees,

 v.

K.D.; C.D., through their father, Michael Depot,

   Objectors - Appellants,

 V.

FACEBOOK, INC.,

   Defendant - Appellee.

---

ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC,

   Plaintiffs - Appellees,

C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,

   Intervenor-Plaintiffs - Appellees,

 v.

No. 13-16936

D.C. No. 3:11-cv-01726-RS

H.L.S., through her mother, Sheila L. Shane,

Objector - Appellant,

V.

FACEBOOK, INC.,

Defendant - Appellee.

ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC,

No. 13-17028

D.C. No. 3:11-cv-01726-RS

Plaintiffs - Appellees,

C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,

Intervenor-Plaintiffs - Appellees,

THOMAS L COX, Jr.; TRACEY COX KLINGE; KATIE SIBLEY,

Objectors - Appellants,

v.

FACEBOOK, INC.,

Defendant - Appellee.

ANGEL FRALEY; PAUL WANG; JAMES H. DUVAL, a minor, by and through James Duval, as Guardian ad Litem; WILLIAM TAIT, a minor, by and through Russell Tait, as Guardian ad Litem; SUSAN MAINZER; LUCY FUNES; INSTRAGRAM, LLC,

      Plaintiffs - Appellees,

C.M.D.; T.A.B.; H.E.W.; B.A.W.; A.D.Y.; R.P.Y.,

      Intervenor-Plaintiffs - Appellees,

SAM KAZMAN,

      Objector - Appellant,

 v.

FACEBOOK, INC.,

      Defendant - Appellee.

No. 14-15595

D.C. No. 3:11-cv-01726-RS

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted September 17, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Several objectors challenge the district court's approval of a class action settlement and the court's award of attorney's fees. Objector Kazman appeals the district court's decision to deny him attorney's fees and an incentive award. We affirm.

1.      The district court did not abuse its discretion in approving a class action settlement which awarded $15 to each claiming class member, notwithstanding the possibility of a $750 statutory penalty. The monetary award of $15 was reasonable in light of the minimal (if any) harm suffered by the plaintiffs. Furthermore, an award of $750 per claiming class member could implicate due process concerns.

2.      The district court did not abuse its discretion in approving a class action settlement which authorized the distribution of unclaimed funds to *cy pres* recipients. We have previously approved of class actions settlements incorporating *cy pres* distribution of unclaimed funds, as long as an appropriate nexus existed between the issues underlying the case and the *cy pres* recipients. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012). The district court did not err in finding that an appropriate nexus existed here. As the district court found, "[t]he recipient organizations focus on consumer protection, research, education

regarding online privacy, the safe use of social media, and the protection of minors—the very issues raised in plaintiffs' complaint."

3.      The settlement does not clearly authorize continued violations of the law.  When approving a settlement, a district court should avoid reaching the merits of the underlying dispute.  *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996); *see also Officers for Justice v. Civil Serv. Comm'n of San Franciso*, 688 F.2d 615, 625 (9th Cir. 1982).  As a result, a district court abuses its discretion in approving a settlement only if the agreement sanctions "*clearly* illegal" conduct.  *Robertson v. National Basketball Ass'n*, 556 F.2d 682, 686 (2d Cir. 1977) (emphasis added); *see also Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990).  It is not clear whether Facebook's use of minors' names and likenesses in Sponsored Stories violated California law.  *See C.M.D. v. Facebook, Inc.*, No. 14-15603, 2015 WL 6575724, at *1 (9th Cir. Oct. 30, 2015) (rejecting some of plaintiffs' claims).  It is also not clear whether the settlement at issue — which provides more protection for minors from Facebook's advertising practices than existed before — violates state law.  The district court did not abuse its discretion in approving the settlement in the face of this uncertainty.

4.      There was no structural conflict of interest requiring the appointment of separate counsel for the minor subclass.  The evidence that a structural conflict

-8-

of interest existed is sparse, especially given that (1) two of the three named representatives were minors, (2) most of the injunctive relief in the settlement benefitted only the minors, and (3) the minors were free to opt out of the settlement (as, in fact, many did). *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998); *see also C.M.D.*, 2015 WL 6575724.

The objectors claim that a conflict existed because the minors had significantly more valuable claims than the adults. We have held that part of the minors' case was not meritorious, *see C.M.D.*, 2015 WL 6575724, indicating that the objectors may have exaggerated the relative strength of minor subclasses' claims as compared to the adults' claims. Furthermore, a difference in value of claims does not necessarily mean there is a structural conflict of interest requiring separate counsel. *See In re Online DVD–Rental Antitrust Litig.*, 779 F.3d 934, 942–43 (9th Cir. 2015); *Hanlon*, 150 F.3d at 1021.

5. The district court did not abuse its discretion by reasoning, in part, that the Children's Online Privacy Protection Act (COPPA) "may well" preempt the claims of the minor subclass. The district court did not decide whether COPPA actually preempts Cal. Civ. Code § 3344. Rather, the district court properly recognized that its duty was only to determine whether the proposed settlement was fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). The issue of COPPA

preemption has not been resolved, and thus the district court appropriately considered it as a risk of litigation that would exist if the plaintiffs' case continued.

6. The district court's attorney's fees award was not an abuse of discretion. The district court properly exercised its discretion to use a percentage-of-recovery approach, *see Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002), and awarded an amount (25% of the net settlement funds) which matches exactly this Court's established benchmark rate. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Cross-checking the award with class counsel's lodestar confirms the reasonableness of the attorney's fees award.

7. The district court did not abuse its discretion in denying Objector Kazman's motion for attorney's fees and an incentive award. The record does not support Kazman's contention that he contributed to the district court's decision to award class counsel attorney's fees in an amount lower than requested. The district court was concerned with the excessiveness of the requested attorney's fees long before Kazman became involved. Kazman was also not entitled to attorney's fees for arguing that class counsel's attorney's fees should be calculated as a percentage of net (rather than gross) recovery because, as the district court found, the associated reasonable fee for preparing this argument was de minimis. Of

Kazman's 38–page objection to the settlement agreement, only one page was devoted to the net versus gross recovery argument. Kazman also was not entitled to an incentive award. Kazman cites little authority for the proposition that objectors are entitled to incentive awards. Even if objectors are occasionally entitled to incentive awards, there is no evidence that Kazman personally provided any "service to the class." *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

**AFFIRMED.**

*Batman v. Facebook, Inc.*, Nos. 13-16819+

BEA, Circuit Judge, dissenting:

I agree with most of the majority's disposition of this case. I part ways with the majority on two issues: the use of *cy pres* and the denial of objector's fees. I discuss each issue in turn.

## I

I acknowledge that our case law regarding the use of *cy pres* in class-action settlements is rather lax; it generally requires only that "[t]he *cy pres* remedy . . . bear[] a direct and substantial nexus to the interests of absent class members." *Lane v. Facebook, Inc.*, 696 F.3d 811, 821 (9th Cir. 2012); *see also Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038–41 (9th Cir. 2011). The problems with the application of *cy pres* to class actions are legion, and I will not repeat them here. *See Marek v. Lane*, 134 S. Ct. 8, 9 (2013) (Roberts, C.J., concurring in the denial of certiorari); *Lane v. Facebook, Inc.*, 709 F.3d 791, 794–95 (9th Cir. 2013) (M. Smith, J., dissenting from the denial of rehearing en banc); *see also* Martin H. Redish et al., *Cy Pres Relief and the Pathologies of the Modern Class Action*, 62 Fla. L. Rev. 617 (2010). But in this case, the district court had no need to invoke *cy pres* at all because the settlement funds can be distributed directly to class members.

I start from the premise that "damage awards are ideally distributed to the

1

class members whose claims are being compromised by the class action judgment." 4 William B. Rubenstein, *Newberg on Class Actions* § 12:14 (5th ed. 2011). Our case law recognizes that *cy pres* is a way to "distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." *Lane*, 696 F.3d at 819 (quoting *Nachshin*, 663 F.3d at 1036). In that vein, *cy pres* should be used only if: (1) it is infeasible to distribute the money to class members directly, such as when identifying the members of the class is exceedingly difficult or costly; or (2) funds are left over after a distribution has been made, and the per-class-member amount remaining is so small as to make a pro rata redistribution of funds uneconomical. *See Principles of the Law of Aggregate Litigation* § 3.07 (Am. Law Inst. 2010); 4 Rubenstein, *supra*, §§ 12:26, 12:28, 12:30, 12:32 (collecting cases). I would require the district court to find that one of these conditions is met before making or approving a *cy pres* award.

The district court did not make such a finding—and neither condition holds true in this case. The settlement agreement set up a scheme to distribute $20 million (or the amount remaining after paying fees and expenses) to class members who submitted valid claim forms. Class members were identified and given notice of the settlement, and over 600,000 class members submitted claims. No money has yet been distributed. It is thus eminently feasible to distribute the bulk of the

net settlement fund to the claiming class members; indeed, when it gave final approval to the settlement, the district court increased the per-claimant distribution from $10 to $15, as it was allowed to do under the settlement agreement. I see no reason why the district court could not have further increased the per-claimant distribution to avoid giving a huge windfall to the charities identified as *cy pres* recipients.[1]

I also find the district court's decision odd. During the hearing on preliminary approval of the settlement agreement, the district court repeatedly expressed discomfort at being handed too much discretion in making *cy pres* awards. The parties explained that the settlement "defaults to a prorated distribution" of funds to claiming class members with *cy pres* to be used only "when we have that point of economic futility"—that is, when the per-claimant distribution would be very small. Yet, in approving the final settlement, the district court essentially earmarked an arbitrary—but large—portion of the net settlement

---

[1] The district court suggested it could be "unfair" to increase the per-claimant distribution because, anticipating the per-claimant distribution would be $10 or less, some class members may not have submitted claims. I do not understand this. If there were any problem, it would be one of notice, but the settlement agreement and long-form notice provided to class members both explained that the district court can increase the per-claimant distribution if the net settlement fund is not exhausted by the claims made. Moreover, even accepting the district court's premise, I cannot fathom why increasing the per-claimant distribution to $15 is fair, but raising it a few dollars more is not.

fund for charity, with another arbitrary amount going to the claiming class members. This course of action treated the *cy pres* recipients as entitled to something under the settlement agreement, rather than as substitutes for claiming class members, which contravenes the principles I outlined previously and the settlement agreement itself.

I would thus find that the district court abused its discretion in approving the final settlement. But because the settlement agreement allows the district court to increase the per-claimant distribution, I would not undo the entire agreement. Instead, I would vacate the district court's decision and remand with instructions to set a per-claimant distribution that should exhaust the net settlement fund. If there were funds remaining after that distribution, a *cy pres* award would likely be proper.

## II

I would also find that the district court abused its discretion in denying fees to objector Sam Kazman. The district court admitted that only Kazman suggested calculating class counsel's fee award on the net settlement value rather than the gross settlement value. Contrary to what the district court stated, Kazman's objection on this point was not necessarily "commonsense," as the district-court judge overseeing this case had, in prior cases, approved attorneys'-fee awards

calculated on the gross settlement value. *See, e.g.*, *Petersen v. Lowe's HIW, Inc.*, No. C 11 01996 RS, 2012 U.S. Dist. LEXIS 123018, at *11 (N.D. Cal. Aug. 24, 2012) (Seeborg, J.) (awarding attorneys' fees equal to 22% of the gross settlement value). In addition, the district court acknowledged that a fee award may be proper "where an objector advances a point not previously made by other parties or objectors even if the Court would have *sua sponte* reached the same conclusion." *See also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) ("[O]bjectors must decide whether to object without knowing what objections may be moot because they have already occurred to the judge.").

The district court calculated that adopting Kazman's suggestion reduced class counsel's fee award by approximately $300,000. Nonetheless, the district court concluded that Kazman did not make a material contribution to the class. I disagree; saving the class $300,000 on attorneys' fees—or approximately $0.50 per claiming class member—is clearly a material benefit. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) (finding a $325,000 increase in the settlement fund sufficiently material to warrant a reconsideration of objectors' fees). I would thus find Kazman and his counsel entitled to fees for their trouble in making this objection.

I recognize that objector fees must be reasonable in light of both the amount

of the benefit conferred on the class and the time required to make the objection. *See id.*; *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047–52 (9th Cir. 2002). Kazman's counsel submitted an affidavit stating that their lodestar—for Kazman's entire objection—was approximately $50,000. The district court determined that any fee award to Kazman would be de minimis because Kazman's objection regarding the calculation of class counsel's fee award occupied only a small portion of his overall objection to the settlement. As far as I can tell from the record, the district court did this without inspecting the time records of Kazman's counsel[2] and without asking Kazman to specify how much time he and his counsel spent on that part of the objection. Although I understand the district court's desire not to haggle over small fee awards, I also think it is an abuse of discretion to dismiss a fee request as de minimis without having the relevant information. *Cf. United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc) (holding that a district court abuses its discretion when it makes factual findings that are "illogical, implausible, or without support in inferences that may be drawn from facts in the record"). I would thus vacate the district court's denial of objector fees

---

[2] Kazman's counsel did not submit their time records with their declaration but stated that they would submit such records at the district court's request.

6

and remand with instructions to determine a reasonable fee award.[3]

_____

[3] I also do not understand why the district court approved a settlement giving millions of dollars to *cy pres* recipients—which performed no service for the class—but denied fees to Kazman—whose objection undeniably produced a material benefit for the class.